IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN ROUSE,<br>        Plaintiff, | 3:13-cv-1808 |
| v. | (Judge Mariani) |
| PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>        Defendants. | |

### MEMORANDUM

Plaintiff, Calvin Rouse, an inmate confined at the Retreat State Correctional Institution, in Hunlock Creek, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff subsequently filed an amended complaint on August 7, 2014. (Doc. 40). Presently pending before the Court are Plaintiff's motion to appoint counsel, (Doc. 49), and motion to compel, (Doc. 51). For the following reasons, the motions will be denied.

### I. Motion to Appoint Counsel

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made

when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the complaint has merit, Plaintiff fails to set forth any circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56.

Plaintiff bases his motion on the alleged complexity of the case, and his limited knowledge of the law. (Doc. 49). However, upon review, the legal issues herein are relatively simple and may not require expert testimony. In his pleadings, Plaintiff demonstrates the ability to present comprehensible arguments and to present his own case. Furthermore, despite his incarceration, investigation of the facts is not beyond Plaintiff's capabilities and he is familiar with the facts of his case.

It is also noted that this Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of

Plaintiff.

## II. Motion to Compel

Also pending before the Court is Plaintiff's motion to compel wherein he requests that the Court order Defendants to produce certain documents. (Doc. 51). Plaintiff failed to file a brief in support of the motion as required by Middle District of Pennsylvania Local Rule 7.5.[1] Local Rule 7.5 provides that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.... If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." M.D. Pa. Local Rule 7.5. Accordingly, Plaintiff's motion will be deemed withdrawn for failure to file supporting a brief.

A separate Order follows.

Date: May ___, 2015

Robert D. Mariani
United States District Judge

---

[1] A copy of Local Rule 7.5 is attached to this Court's Standing Practice Order, which was issued to Plaintiff on July 1, 2013. (Doc. 5).