IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN ROUSE, | : | |
| Plaintiff, | : | 3:13-cv-1808 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### I.    Introduction

Plaintiff, Calvin Rouse, an inmate confined at the Retreat State Correctional

Institution, in Hunlock Creek, Pennsylvania, ("SCI-Retreat"), initiated the instant civil rights

action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* an amended

complaint. (Doc. 40). Named as Defendants are the Pennsylvania Department of

Corrections, and the following individuals employed at SCI-Retreat: Correctional Officer

Sweeney and Correctional Officer Keefer.

Presently pending before the Court is Defendants' motion for judgment on the

pleadings. (Doc. 64). For the reasons set forth below, the motion will be granted.

### II.    Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings

are closed--but early enough not to delay trial--a party may move for judgment on the

pleadings." FED. R. CIV. P. 12(c). When considering a motion for judgment on the

pleadings, "the motion should not be granted 'unless the moving party has established that

there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a

matter of law.'" *Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 253 (3d Cir. 2004);

*see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008) (Under Rule 12(c)

judgment will only be granted where the moving party clearly establishes there are no

material issues of fact, and that he or she is entitled to judgment as a matter of law.).

Therefore, when considering a motion for judgment on the pleadings, the court "must view

the facts presented in the pleadings and the inferences to be drawn therefrom in the light

most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220

(3d Cir. 2005).

On August 7, 2014, Plaintiff filed an amended complaint, (Doc. 40), and on June 24,

2015, Defendants filed an amended answer to the amended complaint, (Doc. 61). On July

14, 2015, Defendants filed a motion for judgment on the pleadings. (Doc. 64). At the time

Defendants filed the instant motion, the pleadings were closed. Thus, Defendants' motion

for judgment on the pleadings was appropriately filed.

The standard of review for a motion for judgment on the pleadings is identical to that

of the motion to dismiss under Federal Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938

F.2d 427, 428 (3d Cir. 1991) (citations omitted); *Cannon v. United States*, 322 F. Supp. 2d

636, 636 (W.D. Pa. 2004); *Katzenmoyer v. City of Reading, Pa.*, 158 F. Supp. 2d 491, 496

2

(E.D. Pa. 2001). The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and any written instruments and exhibits attached to the pleadings. 2 Moore's Fed. Practice Civil § 12.38 (2004); *Prima v. Darden Restaurants, Inc.*, 78 F. Supp. 2d 337, 341-42 (D.N.J. 2000). Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic." *Christy v. We The People Forms & Serv. Ctrs.*, 213 F.R.D. 235, 238 (D.N.J. 2003); *see also Smith v. City of Philadelphia*, 345 F. Supp. 2d 482, 485 (E.D. Pa. 2004) ("A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."), *citing Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995).

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

3

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim.  Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth.  Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

4

## III.   Allegations in the Amended Complaint

Plaintiff alleges that in January 2013, he was temporarily transferred from SCI-Retreat to SCI-Graterford for a court appearance. (Doc. 40, p. 2). Specifically, on January 10, 2013, Defendants Sweeney and Keefer prepared Plaintiff and his property to be transferred from SCI-Retreat to SCI-Graterford. (*Id.* at pp. 1-2). Plaintiff alleges that his legal material was not transferred with him to SCI-Graterford. (*Id.* at p. 2). Thus, Plaintiff requested a continuance of his court proceedings. (*Id.*).

Upon his return to SCI-Retreat, Plaintiff claims that his legal materials were not located and "determined 'missing'". (*Id.*). Plaintiff alleges that he was denied access to the courts due to Defendants' failure to transfer his legal materials to SCI-Graterford. (*Id.*).

## IV.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

5

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

## A.   Pennsylvania Department of Corrections

As an initial matter, the Court notes that the claims against the Pennsylvania Department of Corrections are barred by the Eleventh Amendment, and will be dismissed.

The Eleventh Amendment provides that each state is a sovereign entity and a sovereign is not amenable to suit unless it consents. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000). "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, *see* Pa. Stat. Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity. Such immunity, . . . , may be lost in [only] one of two ways: (1) if the Commonwealth waived its immunity; or (2) if Congress abrogated the States' immunity pursuant to a valid exercise of its power." *Lavia v. Pennsylvania, Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (citations omitted). The

6

Commonwealth of Pennsylvania has expressly withheld its consent to be sued, and Congress has not expressly abrogated this constitutional immunity. *See* Pa. Const. Stat. Ann., tit. 42, § 8521(b); *Lavia*, 224 F.3d at 195; *Williard v. Pennsylvania*, 1996 U.S. Dist. LEXIS 8407, 8420 (E.D. Pa. 1996) (stating it is a "well-established proposition that the Commonwealth of Pennsylvania has not consented to actions against it in federal court, and thus has not waived its Eleventh Amendment immunity from lawsuits by its citizens").

Plaintiffs claims against the Commonwealth of Pennsylvania Department of Corrections are barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal civil rights statute, 42 U.S.C. § 1983. Therefore, any claims against the Pennsylvania Department of Corrections will be dismissed.

B.   Access to the Courts Claim

Plaintiff alleges that his right to access the courts was violated when Defendants Sweeney and Keefer failed to transfer his legal materials to SCI-Graterford. (Doc. 40, pp. 1-2). To establish a cognizable access to the courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a nonfrivolous, arguable claim. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (noting that the complainant "must describe the underlying arguable claim well enough to show that it is 'more than mere hope'"). The claim must relate to either a direct or collateral challenge to

7

the prisoner's sentence or conditions of confinement. *Lewis*, 518 U.S. at 355 (finding

"[i]mpairment of any other litigating capacity is simply one of the incidental . . .

consequences of conviction and incarceration."). An "actual injury" does not occur without a

showing that a claim has been lost or rejected, or that the presentation of such a claim is

currently being prevented. *Lewis*, 518 U.S. at 354-56. Furthermore, a prisoner must

demonstrate that no other remedy will potentially compensate for the lost claim. *Monroe*,

536 F.3d at 205.

Plaintiff simply alleges that he was present in court without his legal materials and he

requested a continuance based on the alleged unavailability of these documents. Plaintiff

fails to allege that the missing legal materials prejudiced him in any way. Further, he fails to

set forth any facts regarding the underlying case and the relevance of the legal documents

in relation to that case. No actual injury to his ability to present a nonfrivolous, arguable

claim is identified. Because Plaintiff has not alleged sufficient facts to present a prima facie

case of denial of access to the courts, his access to the courts claim will be dismissed.

C.     Retaliation Claim

The First Amendment offers protection for a wide variety of expressive activities.

*See* U.S. Const. amend I. These rights are circumscribed, but not extinguished, in the

prison context, where legitimate penological interests must be considered in assessing the

constitutionality of official conduct. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

8

Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. *See Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001) (quoting *Allah*, 229 F.3d at 225).

With respect to the first and second *Rauser* prongs, "[a]lthough the elements of a First Amendment retaliation claim remain constant, the underlying concepts that they signify will vary with the setting - whether activity is 'protected' or an action is 'adverse' will depend on context. ... Standing in his cell in a prison, an inmate is quite limited in what he can say; his government jailor can impose speech-limiting regulations that are 'reasonably related to legitimate penological interests.' *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The fact that certain conduct of the plaintiff must be 'protected' in order to state a claim does not change with the setting - what changes is the type of conduct deemed protected in that particular setting." *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). The fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates. *See Pell v. Procunier*, 417 U.S. 817, 822-23 (1974).

9

Thus, a prison inmate "retains [only] those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Id.* at 822.

Defendants argue that Plaintiff fails to set forth any allegations supporting a retaliation claim. (Doc. 53, pp. 7-8). The Court agrees. There are simply no factual allegations in the amended complaint supporting the elements of a retaliation claim. The amended complaint merely contains a conclusory allegation that "Plaintiff as well has established a Retaliation Claim." (Doc. 40, p. 3). Thus, Plaintiff has failed to establish a retaliation claim and this claim will be dismissed.

## V.   Conclusion

Based on the foregoing, Defendants' motion for judgment on the pleadings will be granted. An appropriate Order will issue.

Date:  January ___, 2016

Robert D. Mariani
United States District Judge

10